## Commonwealth v. Saler, Appellant.

*Criminal procedure—Act of May 27, 1923, P. L. 34—Manufacture and sale of intoxicating liquors—Indictment.*

An indictment drawn under the Act of May 27, 1923, P. L. 34, charging that the defendant "unlawfully did manufacture, sell, offer for sale, barter, furnish, transport, possess and deliver to divers persons to the jurors aforesaid yet unknown, intoxicating liquors for beverage purposes, contrary to the form of the act of

the general assembly," is insufficient on the ground of duplicity. The manufacture of intoxicating liquors and the subsequent sales thereof are two separate and distinct offenses, and the indictment combining the two must be quashed. Whether an indictment was defective because of duplicity must be determined by an examination of the indictment itself, without reference to the evidence subsequently given.

The manufacture of intoxicating liquor is not completed until the liquor is produced; there cannot be a sale until after the process of manufacture is completed, nor can there be a transportation thereof until after the manufacturer has done his work. The offense of the manufacturer is complete as soon as the liquor is produced, without regard to what is subsequently done with it.

The lawfulness or unlawfulness of the transportation and sale is not dependent upon the manner in which the liquor has been produced, nor by whom it has been produced, nor whether it was lawfully or unlawfully manufactured.

*Practice, Q. S.—Motion in arrest of judgment—Failure to enter plea of not guilty.*

Where a defendant was present at the trial and represented by counsel, assisted in the selection of the jury and the trial proceeded regularly in all respects as though a formal plea had been entered, the omission to enter a plea is not ground for a motion in arrest of judgment. The judgment should not be reversed for a formal defect of this sort after a trial on the merits.

Argued October 7, 1924. Appeal, No. 51, April T., 1925, by defendant, from judgment of Q. S. Clarion Co., Feb. Sessions, 1924, No. 19, on verdict of guilty in the case of Commonwealth of Pennsylvania v. M. R. Saler. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Indictment for sale and manufacture of intoxicating liquors under the Act of May 27, 1923, P. L. 34. Before HARVEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

281, (1925).]    Arguments—Opinion of the Court.

*Error assigned* was, among others, the refusal of defendant's motion to quash the indictment.

*George F. Whitmer,* and with him *W. L. McCracken,* for appellant.—The indictment was defective on the ground of duplicity: Hutchison v. Com., 82 Pa. 472; Fulmer v. Com., 97 Pa. 503: Com. v. Bartilson, 85 Pa. 482; Kilrow v. Com., 89 Pa. 489; Com. v. Klein & Goodstein, 81 Pa. Superior Ct. 551; Com. v. Schoen, 25 Pa. Superior Ct. 211-214; Com. v. Wood, 5 D. R. 179; Com. v. Schaub, 6 Law Times (N. S.) 103.

*Don C. Corbett,* of *Corbett & Rugh,* and with him *John M. Myers* and *Brown & Means,* for appellee, cited: Com. v. Gennerette, 10 Pa. Superior Ct. 598; Com. v. New Bethlehem, 15 Pa. Superior Ct. 158; Williams v. Com., 91 Pa. 493; Sadler's Criminal and Penal Procedure, 264; Com. v. Price, 3 Pa. C. C. 175.

OPINION BY PORTER, J., February 27, 1925:

The indictment contained but one count, charging that the defendant "unlawfully did manufacture, sell, offer for sale, barter, furnish, transport, possess, and deliver to divers persons to the jurors aforesaid yet unknown, intoxicating liquors for beverage purposes, contrary to the form of the Act of General Assembly," etc. The trial resulted in a verdict of "guilty of making and having in his possession intoxicating liquors"; upon which the court sentenced the defendant, who appeals from that judgment.

The first assignment of error is based on the action of the court in refusing the motion of the defendant to quash the indictment. The defendant assigned five reasons for quashing the indictment, each of which challenged its sufficiency upon the ground of duplicity, alleging that it charged in a single count ten separate and distinct offenses, and averring that each offense charged should be set forth in a separate count. The indictment

was drawn under the Act of May 27, 1923, P. L. 34, which provides: "It shall be unlawful for any person to manufacture, sell, offer for sale, barter, furnish, transport, possess or deliver within, or import into, or export out of, this Commonwealth any intoxicating liquor for beverage purposes," etc. The learned judge of the court below held that the indictment being in the words of the statute, the different acts charged were to be considered as phases of the same offense relating to a single subject-matter, and upon which but a single punishment might be imposed; charged but one offense, and overruled the motion to quash, granting an exception to the defendant.

When a statute clearly specifies and denounces several distinct and separate acts, each of which amounts to a full and complete offense, yet if they are mere successive steps in one final act which completes the wrong, they amount to but one crime in fact, and a conviction and sentence for the final act constitutes a good defense to a separate indictment for each of the several previous acts. In such a case the specified acts may be distinct and separate offenses, or they may be so entirely parts of the same transaction that they may combine to make but one, and all may be charged in one count of the indictment: Com. v. Mentzer, 162 Pa. 646. In the case cited the indictment was based upon the provisions of the 65th section of the Act of March 31, 1860, which specifies four distinct and separate acts, with reference to public money, which constitute the offense of embezzlement, and charged in a single count that the defendant had been guilty of all the acts prohibited. The opinion of Mr. Justice MITCHELL, who spoke for the court in that case, thus states the principle involved: "Each of these acts by itself would under the statute be an embezzlement, and make him liable to an imprisonment of five years, yet if they were successive steps in but one taking of the same public money they would amount to but one crime in fact, and it is not to be supposed that the statute intended that he should be indicted, convicted and

sentenced to fifteen years on the separate branches of it, or that a conviction and sentence for the final act of failure to pay should not be a good defense to a separate indictment for the previous act of investment in property. We must give the statute a reasonable construction, in accordance not only with its plain general intent, but also with the fundamental principles of our criminal law. ...... That being so there is no legal difficulty in joining two or more such acts in one count. The general principle that separate offenses shall not be joined in the same count is indisputable, but where two or more acts are but parts of the same transaction the rule does not apply." Applying these principles, we held in Com. v. Basha, 80 Pa. Superior Ct. 320, that an indictment which charged that the defendant "did unlawfully transport and possess intoxicating liquor for beverage purposes," was not duplicitous, saying: "Where, however, two or more of the things forbidden are but successive steps in the same transaction, or where one of them necessarily involves another, they may merge and constitute but a single offense; thus when there is an offer to sell and a sale therefrom resulting, the offer is merged in the sale; and when the possession of liquor is during the course of transportation this constitutes but one offense." In Com. v. Nunamaker, 84 Pa. Superior Ct. 100, in an opinion by our Brother KELLER, we said: "An indictment which charges the defendant with the illegal possession, transportation and sale of intoxicating liquors in one count can be sustained only on the theory that they are connected with the same transaction and may be considered as phases of the same event or offense," and that the evidence upon the trial must be confined to such transaction.

It must be recognized that under our laws any person charged with having committed a crime is entitled to know within reasonable limits the nature of the charge which he will be called upon to answer. He is not only

entitled to trial by jury but it must be upon an indictment first found by the grand jury. Several distinct misdemeanors, of like nature and subject to similar punishment, may be charged in different counts of the same indictment, but an indictment which charges distinct and separate offenses in a single count is generally bad for duplicity, and upon proper application will be quashed; the grand jury should be allowed to pass upon the charges separately: Hutchison v. Com., 82 Pa. 478; Fulmer v. Com., 97 Pa. 506; Com. v. Miller, 107 Pa. 278; Kilrow v. Com., 89 Pa. 480. The indictment in the present case is in a form manifestly intended to be used in all cases in which a violation of the liquor laws is supposed to have been committed, whether by a distiller, who unlawfully manufactures and widely distributes his product, or by a man who carries liquor for his own use in a pocket flask. Such a form may be a labor saving device, but that is not a sufficient reason for disregarding the principles of criminal pleading. The sale of intoxicating liquors is not completed until there is a delivery, which almost necessarily involves the possession of the liquor and may involve its transportation. Where these elements involve but a single event or transaction they may be properly charged in one count: Com. v. Nunamaker, supra. Whether the indictment is defective because of duplicity, must be determined from an examination of the indictment itself, without reference to the evidence subsequently given: Fulmer v. Com., supra. The manufacture of intoxicating liquor is not completed until the liquor is produced; there cannot be a sale until after the process of manufacture is completed, nor can there be a transportation thereof until after the manufacturer has done his work. The offense of the manufacturer is complete as soon as the liquor is produced, without regard to what is subsequently done with it. The lawfulness or unlawfulness of the transportation and sale is not dependent upon the manner in which the liquor has been produced, nor by whom it has been

produced, nor whether it was lawfully or unlawfully manufactured. The liquor may have been lawfully manufactured prior to the time when the manufacture was prohibited, and the possession thereof may have been entirely lawful so long as it remained in the seller. If it is to be held that all the acts forbidden by the statute are but successive steps in one complete offense, culminating in the sale, then a conviction on a charge of selling liquor, alone, would be a bar to a subsequent indictment of the same defendant upon a charge of unlawfully manufacturing liquor. We are of opinion that the manufacture of intoxicating liquor and the subsequent sale thereof are distinct and separate offenses and that the indictment ought to have been quashed. The first assignment of error is sustained.

The court did not err in refusing to arrest the judgment upon the ground that the defendant had not entered a plea of not guilty. The defendant was present at the trial and represented by counsel; assisted in the selection of the jury and the trial proceeded regularly in all respects as if the formal plea had been entered, the omission is not ground for a motion in arrest of judgment. The judgment should not be reversed for a formal defect of this sort after a trial on the merits: Sauerman v. Weckerly, 17 S. & R. 117; State v. Heft, 155 Iowa 21; People v. Weeks, 165 Michigan 362; Garland v. State of Washington, 232 U. S. 642. There was no question raised in the court below as to the sufficiency of the verdict and the question is not properly raised here by any assignment of error. The case must go back to the court below and the learned judge of that court will no doubt take care at any subsequent trial that the verdict is directly responsive to the issue raised by the pleadings.

The judgment is reversed and the record remitted to the court of Quarter Sessions of Clarion County for further proceedings.