J-S19041-22

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WASBA A. LELAND | : | |
| | : | |
| Appellant | : | No. 519 EDA 2021 |

Appeal from the PCRA Order Entered November 12, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009567-2015

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JULY 25, 2022**

Wasba A. Leland appeals from the November 12, 2020 order denying his petition for relief filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The relevant facts of this case were summarized in a prior opinion of this Court on direct appeal as follows:

> On July 19, 2015, Appellant had an altercation with Antonio Smith in which Smith was shot in the leg. Appellant left the scene before police arrived. The following month, a detective on the Fugitive Task Force learned that Appellant had been seen at a mall. Upon arriving at the mall, the detective saw Appellant with his girlfriend, Melissa Williams. Appellant dropped the bags he was carrying and fled, but police officers apprehended him after a struggle. Williams was also taken into custody on an unrelated matter. Inside her purse was a handgun that was the source of a bullet casing recovered at the location of Smith's shooting.

_____

[*] Former Justice specially assigned to the Superior Court.

*Commonwealth v. Leland*, 204 A.3d 461, 462 (Pa.Super. 2019) (unpublished memorandum).

On March 7, 2017, Appellant proceeded to a jury trial in connection with this incident and was ultimately found guilty of carrying a firearm without a license and carrying a firearm on public streets or public property in Philadelphia.[1]  Subsequent to the jury trial, Appellant, a convicted felon, was also found guilty in a bench trial of persons not to possess, use, manufacture, control, sell or transfer firearms.[2]  On May 26, 2017, Appellant was sentenced to an aggregate term of 5 to 10 years' imprisonment, followed by 10 years' probation.[3]

On February 12, 2019, a panel of this Court affirmed Appellant's judgment of sentence.  *See id.*  Appellant did not file a petition for allowance of appeal with our Supreme Court.

On February 12, 2020, Appellant filed a timely *pro se* PCRA petition and William J. Ciancaglini, Esq. (hereinafter, "PCRA counsel") was appointed to represent him.  PCRA counsel filed an amended PCRA petition on Appellant's behalf on July 7, 2020.  Thereafter, on October 6, 2020, the PCRA court

---

[1] 18 Pa.C.S.A. §§ 6106(a)(1) and 6108, respectively.  The record reflects that the jury found Appellant not guilty of robbery, aggravated assault, and possessing instruments of crime.

[2] 18 Pa.C.S.A. § 6105(a)(1).

[3] Appellant was represented at trial by Chris Boltinghouse, Esq. (hereinafter, "trial counsel").

provided Appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant did not respond to the PCRA court's Rule 907 notice. On November 12, 2020, the PCRA court dismissed Appellant's petition without a hearing.

Appellant filed a **pro se** notice of appeal on December 16, 2020. On October 25, 2021, this Court issued a Rule to Show Cause directing Appellant to explain why this appeal should not be quashed as untimely filed. Appellant's counsel filed a response on November 5, 2021. On November 8, 2021, this Court discharged the Rule to Show Cause and deferred the issue to the merits panel.[4]

Preliminarily, we must address whether Appellant's untimely appeal can be excused by the prisoner mailbox rule. Under the prisoner mailbox rule, "a **pro se** prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa.Super. 2011) (citation omitted), **appeal denied**, 46 A.3d 715 (Pa. 2012). Generally, "any reasonably verifiable evidence of the date that the prisoner deposits" the document with prison authorities is acceptable to satisfy this rule, including a certificate of mailing, cash slip from prison authorities, or

---

[4] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On April 1, 2021, the PCRA court filed a one-paragraph "Letter in Lieu of Opinion" indicating that it was relying on the reasoning for dismissing Appellant's PCRA petition set forth in footnote 1 of its November 12, 2020 order.

evidence of internal operating procedures of the prison mail system. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997).

Here, Appellant's notice of appeal had to be filed by Monday, December 14, 2020, because the 30th day of the appeal period fell on a Saturday. *See* Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); 1 Pa.C.S.A. § 1908 (whenever the last day of the appeal period falls on a weekend or on any legal holiday, such day shall be omitted from the computation of time). The clerk of courts received Appellant's notice of appeal on December 16, 2020, but the record does not contain a certificate indicating when it was deposited with prison authorities. Nonetheless, we conclude that Appellant's notice of appeal, which was dated December 10, 2020, presumably would have been deposited with prison authorities or placed in the prison mailbox by the following day, making it timely filed. Accordingly, we deem Appellant's notice of appeal to be timely.

Appellant raises the following issue for our review:

> Did the [PCRA] court err in dismissing Appellant's [PCRA] Petition without holding an evidentiary hearing?

Appellant's brief at 5 (parentheses omitted).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those

findings merely because the record could support a contrary holding." ***Commonwealth v. Patterson***, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

This court has long recognized that there is no absolute right to an evidentiary hearing. ***Commonwealth v. Hart***, 911 A.2d 939, 941 (Pa.Super. 2006) (citation omitted). When the PCRA court denies a petition without an evidentiary hearing, as is the case here, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1240 (Pa.Super. 2004). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted).

Instantly, Appellant contends that an evidentiary hearing was warranted in this matter because his trial counsel was ineffective for failing to raise a justification/constructive possession defense to the gun possession charges at trial. Appellant's brief at 12. We disagree.

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." *Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), *appeal denied*, 104 A.3d 523 (Pa. 2014).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (internal quotation marks omitted; some brackets in original), citing 42 Pa.C.S.A. § 9543(a)(2)(ii).

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted), *appeal denied*, 30 A.3d 487 (Pa. 2011).

Upon review, we find that Appellant's ineffectiveness claim fails because he failed to satisfy the first and second prongs of the aforementioned test; namely, that the claim had arguable merit and that trial counsel had no reasonable strategic basis for his inaction. *See Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013). The record reflects that a justification

defense to the gun possession charges would have been futile because it was inconsistent with Appellant's sworn testimony at trial that he retrieved the firearm from the ground after Smith had already been shot and was fleeing down the street; continued to possess the firearm as he walked to 10th and Tabor in Philadelphia; and then gave the firearm to his girlfriend to put in her purse. *See* notes of testimony, 3/8/17 at 25-26.

Our Supreme Court has repeatedly recognized that "[t]rial counsel cannot be found ineffective for failing to pursue a trial strategy that is in direct conflict with his client's sworn testimony." *Commonwealth v. Laird*, 726 A.2d 346, 354 (Pa. 1999) (citation omitted); *see also Commonwealth v. Smith*, 17 A.3d 873, 902 (Pa. 2011) (stating, "we will not find counsel ineffective for failing to present a defense that would have conflicted with [his] testimony." (citations omitted)), *cert. denied*, 567 U.S. 937 (2012). Additionally, "[c]ounsel will not be deemed ineffective for failing to raise a claim that has no merit." *Commonwealth v. Johnson*, 815 A.2d 563, 590 (Pa. 2002) (citation omitted).

Based on the foregoing, we find that Appellant's ineffectiveness claim is frivolous and unsupported by the record. *See Wah*, 42 A.3d at 338. Accordingly, we conclude that the PCRA court did not err in dismissing Appellant's petition without conducting an evidentiary hearing and affirm its November 12, 2020 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2022