J-S32004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM JUNIOR SAVAGE | : | |
| | : | |
| Appellant | : | No. 366 WDA 2021 |

Appeal from the Judgment of Sentence Entered February 3, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000204-2019

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED:  November 5, 2021**

William Junior Savage appeals from the judgment of sentence, entered in the Court of Common Pleas of Fayette County, after he entered a negotiated guilty plea to corruption of minors—defendant aged 18 or above,[1] attempted indecent assault of a person less than 13 years old,[2] and indecent exposure.[3] Counsel has filed an ***Anders***[4] brief raising five issues for our review and an accompanying petition to withdraw on appeal.  After careful review, we affirm Savage's judgment of sentence and grant counsel's petition to withdraw.

---

[1] 18 Pa.C.S.A. § 6301(a)(1)(ii).

[2] 18 Pa.C.S.A. § 901(a); 18 Pa.C.S.A. § 3126(a)(7).

[3] 18 Pa.C.S.A. § 3127(a).

[4] ***Anders v. California***, 386 U.S. 738 (1967); ***see also Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

The Commonwealth charged Savage on December 28, 2018, with the above-mentioned crimes. On February 3, 2020, Savage entered a negotiated gulity plea[5] to those charges and was sentenced that same day to nine to twenty-four months' incarceration. On February 18, 2020, Savage, through counsel, filed a notice of appeal. The court directed Savage to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) by order dated March 10, 2020, which was served on counsel of record. On March 23, 2020, Savage, *pro se*, filed a concise statement. The court forwarded Savage's *pro se* filing to counsel, and on April 1, 2020, filed a Rule 1925(a) statement in lieu of an opinion, finding all of Savage's claims on appeal to be frivolous or waived. On August 26, 2020, counsel filed an **Anders** brief stating that Savage's appeal was wholly frivolous. Subsequently, a panel of this Court determined that Savage's *pro se* Rule 1925(b) concise statement was a legal nullity and concluded that Savage failed to preserve any issues for review on appeal. **See Commonwealth v. Savage**, 330 WDA 2020 at *3-*4 (Pa. Super. filed Jan. 22, 2021) (unpublished memorandum decision). However, the panel remanded the matter for the proper filing of a Rule 1925(b) statement *nunc pro tunc* and appointment of new appellate counsel because counsel's failure to file the statement amounted to *per se* ineffectiveness. **Id.** at *4 (citing **Commonwealth v. Burton**, 973 A.2d 428,

---

[5] The facts to which Savage pled guilty were recited as follows: "It is alleged that on or about July 14th of 2018, that [Savage] had indecent contact with an individual less than thirteen years of age by placing the victim's vagina on [his] penis." N.T. Plea and Sentence Proceedings, 2/3/20, at 8.

432 (Pa. Super. 2009) (en banc)). In remanding this matter, the panel specifically directed that:

> To restore [Savage]'s constitutional rights, new counsel must **promptly**[5] review [Savage]'s claims, file any post-sentence motions that [counsel] deems prudent and, if necessary, file an appeal. If ordered to do so by the trial court, new counsel must file a concise statement of errors complained of on appeal pursuant to [Rule] 1925(b) or a statement of intent to file an **Anders** brief pursuant to [Rule] 1925(c)(4), in lieu of filing a concise statement. New counsel may thereafter file an advocate's brief to this Court or a new **Anders** brief. In other words, new counsel may file proper post[-]sentence motions and, depending on the outcome, a counseled appeal.
>
> > [5] While we would normally include a date by which new counsel must be appointed and a chronology for any filings by new counsel, we are reluctant to issue a specific timeline given the []COVID-19[] pandemic. Instead, we relinquish panel jurisdiction at this time so that the parties and the trial court may begin the appellate process anew, and we direct the court and the parties to comply with the standard timing requirements as much as possible.

*Id.* at *5 (emphasis in original). This Court also granted counsel's petition to withdraw, as well as Savage's petition for appointment of new counsel. *Id.*

On remand, the court appointed James V. Natale, Esquire, to represent Savage on direct appeal. On February 1, 2021, the court ordered Savage to file any post-sentence motions within twenty days or an appeal within thirty days of that order. On February 16, 2021, the court granted Savage an extension and ordered him to file any post-sentence motions within thirty days or an appeal within forty-five days of that order. On March 16, 2021, Savage,

through counsel, filed the court-ordered Rule 1925(b) concise statement.[6] On

March 17, 2021, the court issued a statement in lieu of opinion relying on the

reasoning in its March 31, 2020 order.

On July 6, 2021, Attorney Natale filed an **Anders** brief seeking to

withdraw on appeal. In his **Anders** brief, Attorney Natale, on Savage's behalf,

raises the following five issues for our review:

1. Whether Savage's guilty plea [] was knowing, voluntary, and intelligent?

2. Whether the trial court violated [Savage]'s right to legal representation?

3. Whether the Commonwealth violated [Savage]'s right to a prompt trial under [Pa.R.Crim.P.] 600?

4. Whether the trial court violated [Savage]'s rights by not permitting [him] to be present for any pre-trial conferences?

5. Whether the trial court violated [Savage]'s rights by not allowing him to present any witnesses or a defense?

**Anders** Brief, at 2 (unnecessary capitalization omitted).

On July 29, 2021, Savage responded to Attorney Natale's **Anders** brief

and objected to Attorney Natale's conclusion that Savage's appellate claims

---

[6] Although the trial court did not follow the timeline provided by Pa.R.Crim.P. 720 when it directed counsel to file post-sentence motions and granted multiple extensions to file a notice of appeal, because counsel complied with the directives of the trial court, and because this Court previously recognized the effect that the COVID-19 pandemic might have on the chronology of this case, we consider the instant appeal to be timely. **See Commonwealth v. Patterson**, 940 A.2d 493, 498-500 (Pa. Super. 2007).

are wholly frivolous. Savage raises additional issues for our review in his *pro se* appellate brief:

1. Whether [because] more than []180[] days elapsed after the criminal complaint was filed, and [Savage] was not brought to trial, [Savage's right to a speedy trial was] violated [pursuant to Pa.R.Crim.P.] 600/1100[?]

2. Whether the Commonwealth exercised due diligence[?]

3. Whether [Savage] or the defense had been instrumental in causing a delay in trial?

4. Whether [Savage]'s right to a speedy trial was violated under Article 1, Section 9 of the Pennsylvania Constitution as well as the Sixth Amendment of the United States Constitution?

5. Did the court honor the plea agreement where Savage agreed to 9-24 months' incarceration to be run concurrently with his prior case?

6. Whether Savage's reporting requirements are constitutional pursuant to 42 Pa.C.S.A. § 9799.23?

7. Whether counsel failed to investigate and call witnesses Sharon McCormick and Steve Savage?

Appellant's *Pro Se* Brief, at [unnumbered 9, 52, 63, 68] (cleaned up).

Prior to reviewing all of Savage's claims that are included in the ***Anders*** brief as well as his *pro se* brief, ***see Commonwealth v. Nischan***, 928 A.2d 349, 354 (Pa. Super. 2007), we must determine if counsel has complied with the procedural requirements for withdrawal. An attorney seeking to withdraw on appeal must:

(1) petition the [C]ourt for leave to withdraw[,] stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the [appellant]; and (3) advise the [appellant of his or her] right to retain private counsel [and] raise additional

arguments that the [appellant] deems worthy of the [C]ourt's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc) (citation omitted). In addition, our Supreme Court, in *Santiago*, stated that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises of the right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the [C]ourt's attention in addition to the points raised by counsel in the *Anders* brief." *Nischan, supra* at 353 (citation omitted). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007).

Here, we conclude that Attorney Natale has complied with the procedural requirements of *Anders* and its progeny. Specifically, Attorney Natale requested permission to withdraw based upon his determination that Savage's appeal is "frivolous," *see* Petition to Withdraw, at ¶ 10, filed an *Anders* brief pursuant to the dictates of *Santiago*, furnished a copy of the *Anders* brief to Savage, and advised Savage of his right to retain new counsel

or proceed *pro se*. **See Nischan**, **supra**; **Anders** Brief, at [unnumbered 1-2]. **See also Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005). Because we find counsel's compliance with the **Anders** requirements to be substantial, we conclude that counsel's compliance was sufficient.[7] **See Wrecks**, **supra**. "Once counsel has satisfied the [**Anders**] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (en banc) (citation and internal quotation marks omitted). We, therefore, proceed to our independent review as to whether Savage's appeal is, in fact, wholly frivolous.

---

[7] Counsel's **Anders** brief does not include the Pa.R.A.P. 1925(b) statement or the court's statement in lieu of opinion. **See** Pa.R.A.P. 2111(d) ("[T]here shall be appended to the brief of the appellant a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b) or an averment that no order to file a statement pursuant to Pa.R.A.P. 1925(b) was entered by the trial court[.]"); **see also** Pa.R.A.P. 2111(b) ("[T]here shall be appended to the brief a copy of any opinions delivered by any court relating to the order or other determination under review, if pertinent to the questions involved[.]"). Nevertheless, the documents that were omitted from counsel's **Anders** brief are included in the certified record. Moreover, Attorney Natale's **Anders** brief raises the same claims as those raised in the Rule 1925(b) statement. Indeed, Savage has responded to Attorney Natale's **Anders** brief with a comprehensive *pro se* brief of his own. We conclude that Attorney Natale's compliance with the **Anders** requirements was substantial and sufficient under these circumstances. **See Wrecks**, **supra**.

In the first issue raised by Attorney Natale's **Anders** brief, Savage claims that his plea was not knowing, intelligent, and voluntary. Attorney Natale concluded that Savage's claim was frivolous because:

[the] claim is completely contradicted by the guilty plea and sentence proceedings. To this end, during the plea and sentence proceedings, the court asked [Savage]: "Can you read, write[,] and understand the English language?" [N.T. Plea and Sentence Proceedings, 2/3/20,] at 4. [Savage] responded: "Yes, sir." **Id.** The court asked [Savage]: "Have you indulged in the use of any alcoholic beverages in the last twenty-four hours or used any drugs or medications in the last forty-eight hours." **Id.** [Savage] responded: "No, sir." **Id.** The court asked [Savage]: "Is there anything affecting or impairing your ability to understand what we're doing here today?" **Id.** [Savage] responded: "No, sir." **Id.** The court asked [Savage]: "Do you understand that by entering this plea of guilty, you are giving up all of your rights to go to trial and you're giving up any chance of being ever found not guilty of these charges?" [**Id.** Savage] responded: "Correct." **Id.** at 4-5. . . . The Court asked [Savage]: "Did you discuss this case with the public defender prior to entering this plea?" **Id.** [at 8. Savage] responded: "Yes." **Id.** [The court asked Savage "a]fter discussion with the public defender, did you decide to plead guilty?" **Id.** [Savage] responded: "Yes." **Id.** The court asked [Savage]: "Are you pleading guilty of your own choice and of your own free will?" **Id.** at 8-9. [Savage] responded: "Yes." **Id.** at 9. In addition, before the court accepted [Savage]'s guilty plea, the court asked [Savage] one more time: "Do you understand everything that's going on[?"] **Id.** [Savage] responded: "Yes." **Id.**

**Anders** brief, at 7 (unnecessary capitalization omitted).

"Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. [The defendant] bears the burden of proving otherwise." **Commonwealth v. Yeomans**, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted). "[A] defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound

discretion of the trial court." ***Commonwealth v. Muhammad***, 794 A.2d 378, 382 (Pa. Super. 2002).

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. Historically, Pennsylvania courts adhere to this waiver principle because [i]t is for the court [that] accepted the plea to consider and correct, in the first instance, any error [that] may have been committed.

***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013) (internal quotation marks and some citations omitted).

Here, our review of the record reveals that Savage did not object to his plea during the guilty plea hearing, ***see generally*** N.T. Plea and Sentence Proceedings, 2/3/20, and did not seek to withdraw his plea at sentencing or in a motion to reconsider sentence, or a post-sentence motion. As noted above, in order to preserve an issue related to the validity of a guilty plea, a defendant must either object during the colloquy or otherwise raise the issue at the guilty plea hearing, sentencing hearing, or in a post-sentence motion.[8] ***Lincoln***, ***supra***; ***accord Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

_____

[8] Indeed, "[p]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices." ***Commonwealth v. Kpou***, 153 A.3d 1020, 1023 (Pa. Super. 2016).

Accordingly, as this claim is waived, it is wholly frivolous.[9, 10] ***See***

***Commonwealth v. Tukhi***, 149 A.3d 881, 888 (Pa. Super. 2016) ("An issue

that is waived is frivolous.").

---

[9] To be valid, a guilty plea must be knowingly, voluntarily, and intelligently entered. ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa. Super. 2003). At the guilty plea hearing, Savage's answers to the questions posed to him during his on-record colloquy confirmed, *inter alia*, that he understood the charges to which he was pleading guilty, that a factual basis for his plea to the charges existed, that he understood a guilty plea must be entered voluntarily, that he had not been coerced or threatened to enter a plea, and that he was entering his plea voluntarily. ***See generally*** N.T. Plea and Sentence Proceeding, 2/3/20.

[10] We note that Attorney Natale, in the ***Anders*** brief, identified an additional issue that might arguably support Savage's appeal. ***See Santiago***, ***supra***. Specifically, Attorney Natale identified the issue that Savage's guilty plea was not entered knowingly, intelligently, and voluntarily because Savage was confused as to the amount of time credit he would receive in this case since he served time for his revocation of parole in connection with his prior offenses while he awaited trial in the instant matter. ***See Anders*** Brief, at 5. After our independent review, we agree with Attorney Natale that such a claim would be frivolous because, at the guilty plea colloquy, Savage was informed by the court that, "It's possible you may have to start the nine months and **you may not get any time credit for that nine months**[,] **and you'll start it when your revocation case ends**. Do you understand that?" N.T. Plea and Sentence Proceeding, 2/3/20, at 6 (emphasis added). Savage answered "Right." ***Id.*** The court further explained, "You are doing nine to twenty-four [months' incarceration.] When I sentence you, **you may not have had any time credited towards the nine months**. Do you understand that?" ***Id.*** at 7 (emphasis added). Savage responded, "So, where would the last eighteen months go?" ***Id.*** The court replied, "To whatever your other case is that you [had your parole] revoked on." ***Id.*** Savage confirmed that he understood the implication of the court's response, when he stated, "**To the prior case**." ***Id.*** (emphasis added). In an apparent abundance of caution, the court replied, "Correct. Do you understand that?" ***Id.*** Savage answered in the affirmative. ***Id.*** The court concluded by asking, "Anything else you want to say before we take the plea? **Do you understand everything that's going on?**" ***Id.*** at 9 (emphasis added). Savage replied, "Yes, sir." ***Id.*** The
*(Footnote Continued Next Page)*

In the second issue raised by Attorney Natale's ***Anders*** brief, Savage

claims that his right to counsel was violated. ***See Anders*** Brief, at 10.

Attorney Natale explained why he believed that this claim is frivolous:

> [D]uring the guilty plea and sentencing proceedings, the court asked [Savage]: "Are you satisfied with the representation of the public defender?" [N.T. Plea and Sentence Proceeding, 2/3/20, at 9]. [Savage] responded: "Yes." ***Id.*** The Court asked [Savage]: "Did you have enough time to talk to them about the plea?" ***Id.*** Savage responded: "Yes." ***Id.*** Although the right to legal counsel is a fundamental constitutional right, the court in no way violated [Savage]'s right to legal counsel, because: [Savage] had legal counsel, [Savage] stated on the record that he had sufficient time to speak to his legal counsel before entering his plea, and [Savage] stated on the record that he was satisfied with his legal counsel's representation at the time he plead guilty.

***Id.*** (unnecessary capitalization omitted).

Here, we agree with Attorney Natale that Savage's claim of a violation

of his right to counsel[11] is frivolous since Savage affirmed at his oral guilty

---

court then deferred sentencing until later in the day to permit the parties to determine exactly how much credit Savage would receive in the instant matter, which credit, as noted above, would be ordered to run **consecutively** to the revocation time. ***Id.*** at 10.

[11] In addition to his *pro se* brief, Savage has filed a *pro se* application for relief in this Court, alleging, *inter alia*, that: "I can't get part of the record to be looked at by the panel. How can I get the papers in front of the panel[?] Every time I send them[,] they get sent to my prior counsel who has been removed months ago." *Pro Se* Application for Relief, 10/18/21. After our independent review, we conclude that Savage is not entitled to any relief.

This Court has previously explained that merely because an attorney seeks permission to withdraw on appeal does not necessarily mean that the appellant has been denied a constitutional right to representation:

*(Footnote Continued Next Page)*

> Although **Anders** counsel has determined that the issues and the appeal in general not only lack merit but are, indeed, frivolous, counsel must not explain why the claims are frivolous and must not develop arguments against the appellant's interests. Rather, counsel is merely to state the conclusion that the appeal is frivolous. By proceeding in this fashion, **Anders** counsel does not advance a position adverse to the appellant.
>
> Additionally, while counsel's finding of frivolousness is subject to our review, the **Anders** brief, as well as the **Anders** petition, gives this Court and the appellant an assurance that an officer of the court—a trained attorney—has applied a lawyer's learning and expertise when examining the case on the appellant's behalf. The **Anders** protocol thereby affords defendants their constitutional right to a direct appeal and to counsel on that appeal. The appellant's issues are adequately raised; counsel then asks to withdraw.

**Nischan**, **supra** at 353 (citations omitted).

Insofar as Savage argues that prior counsel was removed by the prior panel, our review of the record reveals that any *pro se* filing made by Savage while represented by Attorney Natale was forwarded to Attorney Natale pursuant to **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011) (explaining there is no right to hybrid representation; whenever defendant is represented by an attorney and defendant files *pro se* motion with court, filing will not be docketed but will be forwarded to counsel for consideration). **See Jette** Letter, 8/5/21; **see also Jette** Letter, 9/2/21. Consequently, we conclude that Savage was not denied his right to counsel throughout these proceedings, even if Attorney Natale has filed an **Anders** brief, as Attorney Natale remains Savage's attorney of record on appeal until permitted to withdraw, and received Savage's *pro se* filings pursuant to **Jette**. **See Nischan**, **supra** at 353.

Insofar as Savage raises ineffective assistance of counsel claims, those must await collateral appeal. **See Yeomans**, **supra** at 1048 ("Generally, claims of ineffective counsel are not to be raised on direct appeal, but rather, they are to be brought in a petition under the Post Conviction Relief Act [PCRA].") (citation omitted); **Commonwealth v. Simmons**, 846 A.2d 142, 144 (Pa. Super. 2004) ("[A]s a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review.") (citation omitted); 42 Pa.C.S.A. §§ 9541-9546.

plea colloguy that he was satisfied with the assistance of counsel. *See Commonwealth v. Kpou*, 153 A.3d 1020, 1024 (Pa. Super. 2016) (citing *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003)) ("A person who elects to plead guilty is bound by the statement he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.").

In the third issue raised by Attorney Natale's *Anders* brief, Savage claims that the Commonwealth violated his right to a prompt trial under Pa.R.Crim.P. 600. *See Anders* Brief, at 11.

When entering a plea of guilty, the defendant effectively waives "all non-jurisdictional defects except the legality of his sentence and the validity of his plea." *Commonwealth v. Rush*, 909 A.2d 805, 807 (Pa. Super. 2006) (citation and quotation marks omitted). A defendant who pleads guilty cannot successfully raise a Rule 600 challenge unless he can show that the Rule 600 violation affected the voluntariness of the plea itself. *Commonwealth v. Gibson*, 561 A.2d 1240, 1242 (Pa. Super. 1989); *see also Commonwealth v. Barbaro*, 94 A.3d 389, 391 n.2 (Pa. Super. 2014) (holding defendant waived claim of error pursuant to Rule 600 by entering guilty plea).

Here, because we have already found that Savage entered into his plea knowingly, intelligently, and voluntarily, we find this claim is waived, **see Barbaro**, **supra**, and that it is, therefore, frivolous.[12] **See Tukhi**, **supra**.

In the fourth issue raised by Attorney Natale's **Anders** brief, Savage claims that his right to be present at critical stages of his case was violated. Specifically, on April 25, 2019, the Fayette County Public Defender's Office entered its appearance on Savage's behalf and waived the formal arraignment, and, on May 28, 2019, attended the pre-trial conference on Savage's behalf and rejected a plea offer.[13]

Attorney Natale concluded that this claim is frivolous on appeal because:

> At a formal arraignment in Fayette County[,] the trial court merely states the charges that a defendant is [ac]cused of committing and notifies defendants of all necessary deadlines for filings moving forward. Attorneys in Fayette County typically waive the formal arraignment[] because they can advise their clients of the charges on their own and they are well aware of the deadlines for filings. Likewise, at the pre-trial conference in Fayette County[,] the trial court typically only inquires [into] whether a defendant accepts or rejects the plea offer made by the Commonwealth. Attorneys in Fayette County typically discuss the plea offer with their clients prior to the pre-trial conference, and attend the conference on their behalf. For these reasons, neither the formal arraignment nor the pre-trial conference can be described as critical to the outcome of the case, and therefore [Savage]'s claim is completely without merit.

---

[12] We note that Savage's first four issues identified in his *pro se* appellate brief are frivolous for the same reason, since those claims relate to violations of Rule 600.

[13] We are unaware of the details of this initial plea offer as its terms do not appear in the certified record and Savage does not discuss it in detail in his *pro se* appellate brief.

*Anders* Brief, at 14 (unnecessary capitalization omitted).

Our Supreme Court has previously explained how the court should evaluate whether the defendant's due process right to be present at various proceedings relating to his case is violated:

> Article I, § 9 of the Pennsylvania Constitution and Pennsylvania Rule of Criminal Procedure 602 guarantee the right of an accused to be present in the courtroom at every stage of a criminal trial. Such right, however, is not absolute. A defendant has a due process right to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge. Accordingly, the defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.

*Commonwealth v. Tharp*, 101 A.3d 736, 762 (Pa. 2014); *see also Commonwealth v. McNamara*, 662 A.2d 9, 13-14 (Pa. Super. 1985) (holding that "[i]t is widely recognized that a defendant's presence during all stages of the trial does not extend to purely procedural matters preparatory to the trial"). "[W]hen matters of law are being argued before the court, such as preliminary pre-trial motions which do not affect **substantial** rights of the defendant, defendant's attendance is not required." *Commonwealth v. McLaurin*, 437 A.2d 440, 443 (Pa. Super. 1981) (emphasis in original).

With regard to the purpose of arraignment, our Supreme Court has observed that:

> the purpose and necessity of an arraignment is to fix the identity of the accused, to inform him of the nature of the charges against him[,] and to give him the opportunity of informing the court of his plea thereto. Due process of law does not require that any technical form of procedure be followed so long as the identity of

- 15 -

the accused is definite, sufficient notice of the charges is given, and ample opportunity to plead afforded.

*Commonwealth v. Phelan*, 234 A.2d 540, 545 (Pa. 1968) (citations omitted). Additionally, "[a]rraignment may take place any time between the filing of the information and commencement of trial. It is commonplace for the court to conduct an arraignment immediately before trial to state the charges and inquire how the defendant wishes to plead." *Commonwealth v. Leland*, 204 A.3d 461, 466 (Pa. Super. 2019).

Here, we agree with Attorney Natale's analysis and conclude that Savage neither had a due process right to be present at the waiver of his formal arraignment nor at the rejection of the plea at the pre-trial conference. Indeed, counsel's waiver of Savage's formal arraignment, which amounts to a purely procedural matter, *see McNamara*, *supra*, did not affect Savage's "substantial" rights, *see McLaurin*, *supra*, because that waiver had no bearing on Savage's opportunity to defend the case. *See Tharp*, *supra*. Indeed, we recently reiterated that "the lack of an arraignment was not an error of constitutional proportion, and a defendant who knowingly proceeds to trial despite the lack of a formal arraignment or plea [of not guilty] is deemed to have waived his right to such proceedings." *Leland*, *supra* at 466 (citing *Garland v. Washington*, 232 U.S. 642, 646 (1914)). Consequently, Savage waived his right to a formal arraignment when he entered his plea. *See Leland*, *supra*. As a result, this claim is frivolous. *See Tukhi*, *supra*.

Additionally, counsel's rejection of the Commonwealth's plea offer[14] cannot be said to have affected Savage's "substantial" rights, **see McLaurin**, **supra**, since it was merely made in preparation of trial. **See McNamara**, **supra**. We conclude that counsel's rejection of the plea did not affect Savage's opportunity to defend his case, **see Tharp**, **supra**, because Savage ultimately accepted another plea offer,[15] at a later date, which reduced the corruption of minors charge from a third-degree felony to a misdemeanor, thus evidencing Savage's inherent ability to continue to defend the case. Therefore, we conclude that Savage's claim of a due process right to be physically present at the pre-trial conference to reject the Commonwealth's plea offer, in person, is meritless.

In the final issue raised by Attorney Natale's **Anders** brief, Savage claims that his right to present witnesses and a defense was violated. **See Anders** Brief, at 15.

---

[14] Savage has neither alleged that he was not informed of the offer or of its terms, nor has he alleged that he wished to accept the offer.

[15] **See** Appellant's *Pro Se* Brief, at [unnumbered 44-45] (reproducing Letter from Gregory T. Kunkel, Esquire, 6/5/20, at 4) ("We were prepared for trial when the Commonwealth made a last-minute plea offer of 9-24 months['] incarceration and agreed to reduce the lead charge against you from a third degree [f]elony to a [m]isdemeanor. To my recollection, you were pleased that the lead charge had been reduced to a [m]isdemeanor and I specifically recall that you wanted to accept the plea. Moreover, the Court questioned you extensively during the [p]lea proceedings and you confirmed that you understood the charges and that you were entering your plea knowingly and voluntarily.").

Attorney Natale determined that Savage's claim was frivolous because:

In the present case, the [c]ourt specifically asked [Savage]: "Do you understand that by entering this plea of guilty, you are giving up all of your rights to go to trial and you're giving up any chance of being ever found not guilty of these charges?" [N.T. Plea and Sentence Proceedings, 2/3/20, at 8.] Savage responded: "Correct." [*Id.*] The [c]ourt asked [Savage]: "Are you pleading guilty of your own choice and of your own free will?" *Id.* at 8-9. [Savage] responded: "Yes." *Id.* at 9. For this reason, [Savage] made a knowing, voluntary, and intelligent waiver of his right to trial, which included his right to present witnesses or a defense at trial.

*Id.*

Here, we agree with Attorney Natale that Savage's claim of a violation of his right to present witnesses and a defense is frivolous since Savage affirmed at his guilty plea hearing that he was aware his plea would result in his giving up all trial rights and any chance of being ever found not guilty of those charges. *See Kpou*, *supra*, citing *Pollard*, *supra* ("A person who elects to plead guilty is bound by the statement[s] he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.").

Next, we turn our attention to the final three claims raised by Savage in his *pro se* appellate brief. *See Nishan*, *supra* at 354; *see supra*, at n.13.

First, Savage claims that the court did not honor the plea agreement where Savage agreed to 9-24 months' incarceration to be run concurrently with his prior case. *See* Appellant's *Pro Se* Brief, at 52.

- 18 -

Here, we conclude that this claim is meritless, since we have already determined that the plea colloquy confirms that Savage was aware at the time he tendered his plea that his sentence in the present matter would run **consecutive**, and not concurrent, to his prior case and that any time served after May 3, 2019, would be credited towards the prior case. *See supra*, at n.11. The court reiterated this intended scheme at sentencing: "We'll give [Savage] credit for time served from [January 24, 2019,] to [May 2, 2019. T]his shall run—It's a revocation at the 2009 case so **this shall run consecutively** [to that case.]" N.T. Plea and Sentence Proceedings, 2/3/20, at 14-15 (emphasis added). Savage did not object or request to withdraw his plea, and consequently, we find this issue to be meritless.

Finally, Savage raises two issues that we deem waived for lack of development or citation to supporting authority. First, Savage claims that the reporting requirements of 42 Pa.C.S.A. § 9799.23 are unconstitutional and he reproduces an article published by the Pittsburgh Post-Gazette on July 21, 2017, entitled "Pa. Supreme Court finds sex offender registration is punitive" in support of that claim. *See* Appellant's *Pro Se* Brief, at [unnumbered 63-67]. Second, Savage claims that counsel failed to investigate and call witnesses Sharon McCormick and Steve Savage and reproduces: (1) two handwritten letters signed by "Peggy"; (2) a letter from the Pennsylvania Department of Human Services; and (3) a child protective services investigation report. *See* Appellant's *Pro Se* Brief, at [unnumbered 68-74].

Savage does not dedicate an argument section to either issue in his appellate brief.

Pennsylvania Rule of Appellate Procedure 2119(a) provides that an appellant shall identify in his argument section the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent. Pa.R.A.P. 2119(a). Rule 2119 also requires that "[c]itations of authorities must set forth the principle for which they are cited." Pa.R.A.P. 2119(b). Waiver of an issue results when an appellant fails to develop the issue properly or cite to legal authority to support his contention in his appellate brief. **Commonwealth v. Williams**, 959 A.2d 1252, 1258 (Pa. Super. 2008).

Additionally, it is well-settled that:

Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

**Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citations omitted).

Here, Savage has failed to develop any argument in support of either position in violation of Rules 2119(a) and (b). This Court will not act as counsel for an appellant and develop arguments on an appellant's behalf. **Commonwealth v. Gould**, 912 A.2d 869, 873 (Pa. Super. 2006). Accordingly, Savage has waived these issues. **See also Commonwealth v.**

*Elliott*, 249 A.3d 1190, 1195 (Pa. Super. 2021).  Moreover, we reiterate that "claims of ineffective assistance of trial counsel may not be raised on direct appeal but, rather, must be litigated on collateral review under the Post Conviction Relief Act (PCRA)."  *Williams*, *supra* at 1259.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2021