J-S29037-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEAN GONZALEZ, | : | |
| | : | |
| Appellant | : | No. 2233 EDA 2020 |

Appeal from the PCRA Order Entered November 30, 2020
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004450-2017

BEFORE:    PANELLA, P.J., KUNSELMAN, J. and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:              **FILED DECEMBER 7, 2021**

Appellant, Jean Gonzalez, appeals from the December 11, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Counsel has petitioned to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  After review, we grant counsel's petition to withdraw and affirm the order of the PCRA court.

**Factual and Procedural History**

 The  following facts were set forth by the Commonwealth at Appellant's June 22, 2018 guilty plea hearing

> [O]n December 23rd of 2016, at approximately 10:30 p.m., the victim in this case, Edgar Morales, age 17, was at 226 East Stella Street in Philadelphia when two of his friends, his mother[,] and another female engaged in a fist fight with a group of people

*Former Justice specially assigned to the Superior Court.

including Appellant's cousin, Ramon Luz…. During that fight the victim and his friends assaulted Mr. Luz.

After that fight came to an end, Mr. Ramon Luz picked Appellant up in his vehicle. He also picked up his brother, Orlando. Those three men … proceeded to 246 East Stella Street, which is the home of Edgar Morales. Appellant, his cousin Ramon Luz[,] and his cousin Orlando Bruno, as well as approximately fifteen to twenty other people, knocked on the door of 246 East Stella Street so forcefully that the pane of glass on the outer storm door broke, demanding that Edgar Morales come out and engage in another fight. Mr. Morales emerged from the house with two of his friends and his mother. Mr. Morales had a 1x2 piece of wood. His friends had a wooden broomstick and a baseball bat. His mother did not have any objects in her hand. They engaged in a second fight … [with] … Mr. Ramon Luz and other members of the fifteen to twenty people outside the block. During this fight Appellant produced a handgun from his hoodie pocket and fired four or five shots at Mr. Morales, striking him once in the upper right chest. Appellant then fled on foot with the gun.

Mr. Morales was taken by a private vehicle to … Episcopal Hospital where he was pronounced [dead] at 11:16 p.m. by Doctor Arnold. On December 24, 2016, Doctor Brown at the Philadelphia Medical Examiner's Office conducted a post-mortem examination of Edgar Morales's remains. He determined to a reasonable degree of scientific certainty that the cause of death was a gunshot wound to the chest, and the manner of death was homicide. The gunshot wound specifically was deep; penetrated Mr. Morales's right and left lungs and lodged in his back where it was recovered by the assistant medical examiner. Mr. Morales had a negative toxicology screen.

Appellant was wanted for murder after an arrest warrant was issued February 28th of 2017 and remained a fugitive until April 5th of 2017 when Philadelphia police officers responded to a call for a person with a gun and saw him at the corner of Frankford and Orleans Street in Philadelphia. Police Officer Delossantos approached Appellant, at which point Appellant ran and led Officer Delossantos on a foot pursuit. During that foot pursuit, Officer Delossantos saw Appellant throw a fanny pack that was later recovered by Police Officer Tyler Smith. Inside of which was a loaded nine[-]millimeter firearm with an obliterated serial number

and additional magazine containing twenty-two rounds and an additional twenty-two loose live rounds of ammunition. That was recovered and placed on Property Receipt 329682. Two bullet fragments were recovered from outside of the murder scene at 246 East Stella Street and one projectile was recovered from the body of the decedent. There were no fired cartridge casings recovered. The firearms examiner determined that the bullet fragments were consistent with being fired from a revolver. And further determined that the two bullet fragments recovered and the projectile recovered from the decedent's body were all fired from the same firearm. The examiner performed a cross-check of that ballistic evidence to the nine[-]millimeter which was recovered on April 5, 2017, and determined that the ballistic evidence was not fired from the nine[-]millimeter recovered on April 5, 2017. Appellant does not have a valid license to carry a firearm in Pennsylvania. He was ineligible to carry one based on his two prior convictions for Possession With Intent to Deliver. They were specifically under Common Pleas Docket Number 10177-2013 and Municipal Court Docket 29934-2012.

N.T., 6/22/2018, at 33-36 (party designations altered).

After agreeing that these facts were accurate, Appellant pleaded guilty to third-degree murder, 18 Pa.C.S.A. § 2502(c), and possession of a firearm prohibited, 18 Pa.C.S.A. § 6105(a)(1), at docket number CP-51-CR-0004450-2017 ("Murder Docket"). On the same date, in accordance with the plea agreement, the plea court sentenced Appellant to 15 to 30 years of incarceration for third-degree murder and a concurrent term of five to ten years of incarceration for possession of a firearm.

As part of the negotiated plea, Appellant also pleaded guilty to possession of a firearm prohibited, 18 Pa.C.S.A. § 6105(a)(1), at docket number CP-51-CR-0004486-2017 ("Firearm Docket"). Appellant's sentence of five to ten years of incarceration at the Firearm Docket ran concurrent to

his sentence at the Murder Docket, for an aggregate sentence of 15 to 30 years' incarceration at both dockets. Appellant did not file a direct appeal to this Court.

On January 25, 2019, Appellant *pro se* timely filed a PCRA petition, alleging, *inter alia*, that he was entitled to relief pursuant to 42 Pa.C.S.A. § 9543(a)(i), (iii), and (viii). PCRA Petition, 1/25/2019, at 2-3. His petition referenced both the Murder Docket and the Firearm Docket. Specifically, Appellant raised claims that he would not have pleaded guilty if counsel had informed him that he would receive the maximum sentence for third-degree murder, as well as claims relating to the plea court's jurisdiction, constitutionality of the third-degree statute, and legality of his sentence. **See** PCRA Petition, 1/25/2019, at 4; **see also** PCRA Petition, 1/25/2019, at Exh. 1 (Statement of Relief at 2-16).

Counsel was appointed to represent Appellant in his PCRA matter. In lieu of amending Appellant's petition, counsel filed a letter and accompanying motion to withdraw pursuant to **Turner/Finley**, indicating his belief that Appellant's petition had no merit.

On October 19, 2020, the PCRA court filed notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant *pro se* filed a response on October 28, 2020, raising new claims of ineffective

assistance of plea counsel,[1] claiming that plea counsel failed to (1) consult with Appellant and investigate his case; (2) inform Appellant of the applicability of a defense of self-defense, crime of passion, or mutual combat, causing Appellant to plead guilty; and (3) advise Appellant of his right to file a post-sentence motion or file a direct appeal. Response to Rule 907 Notice, 10/28/2020, at 4-7.

Finally, Appellant raised a layered claim of ineffective assistance of PCRA counsel. That is, he contended that PCRA counsel was ineffective for not consulting with him and not raising the ineffectiveness of plea counsel within an amended petition. *Id.* at 3, 6-7.

Prior to the PCRA court's taking any further action on Appellant's petition or response, Appellant *pro se* filed the instant notice of appeal on October 28, 2020. Curiously, Appellant claimed to appeal from an order entered on

---

[1] Unlike new claims alleging PCRA counsel's ineffectiveness, the PCRA court is under no obligation to consider new claims of plea or trial counsel's ineffectiveness raised for the first time in a petitioner's response to a Rule 907 notice of dismissal. *See Commonwealth v. Rigg*, 84 A.3d 1080, 1085 (Pa. Super. 2014); *Commonwealth v. Rykard*, 55 A.3d 1177, 1192 (Pa. Super. 2012), *overturned in part by Commonwealth v. Bradley*, ___ A.3d ___, 2021 WL 4877232 (Pa. Oct. 20, 2021). This is because the response is not itself a petition and the law requires leave of court to submit an amended petition. *Rykard*, 55 A.3d at 1192 (citing Pa.R.Crim.P. 905(A)). Nevertheless, a PCRA court can implicitly permit amendment by considering the newly-raised claims. *Commonwealth v. Boyd*, 835 A.2d 812, 816 (Pa. Super. 2003). In the instant case, the PCRA court apparently considered the claims raised in the response to the Rule 907 notice and thus, we address claims of plea counsel's ineffectiveness *infra*. *See* PCRA Court Opinion, 5/11/2021, at 7-8 (discussing why the PCRA court dismissed the newly-raised claims).

October 28, 2020, despite no such order appearing on the docket. This notice of appeal, which referenced only the Murder Docket, was docketed in this Court as 2233 EDA 2020. While the appeal was pending in this Court, the PCRA court filed an order dismissing the petition on November 30, 2020. The same order also granted PCRA counsel's petition to withdraw.[2] Order, 11/30/2020, at 1. For reasons that are unclear, the PCRA court filed an order on January 11, 2021, once again granting PCRA counsel's motion to withdraw.

On January 28, 2021, this Court issued a rule to show cause at the instant docket, 2233 EDA 2020, as to why this Court should not dismiss Appellant's appeal because the October 28, 2020 order from which he purportedly appealed was not entered on the PCRA court's Murder Docket. Appellant did not file a response. On March 3, 2021, this Court discharged the rule to show cause at docket number 2233 EDA 2020 and referred the issue to the panel. On April 15, 2021, the PCRA court appointed new counsel, Stephen T. O'Hanlon, Esquire, to represent Appellant on appeal. Attorney O'Hanlon filed a statement pursuant to Pa.R.A.P. 1925(c)(4) indicating that he intended to file a *Turner/Finley* letter brief and motion to withdraw, both of which he ultimately filed on May 24, 2021, following the PCRA court's filing

---

[2] The order inaccurately refers to a motion to dismiss filed by the Commonwealth, when the docket does not reveal the filing of any such motion.

- 6 -

of a Pa.R.A.P. 1925(a)(1) opinion. Appellant has not filed a brief *pro se* or through new counsel.

**Appellate Jurisdiction**

Before we address the merits, we must address the preliminary matter of whether we have jurisdiction over this appeal. Our review of the Murder Docket did not reveal an order entered on October 28, 2020. In context, however, it appears that Appellant intended to appeal from the PCRA court's Rule 907 notice of dismissal entered on October 19, 2020, and erroneously referred to the incorrect date.[3] We will treat it as such.

_____

[3] We observe that Appellant filed a second notice of appeal related to the Murder Docket. On January 14, 2021, Appellant *pro se* filed a notice of appeal claiming to appeal from an order entered on December 17, 2020. That notice of appeal was docketed in this Court as 344 EDA 2021. On March 3, 2021, this Court issued a rule to show cause at docket number 344 EDA 2021, noting that the December 17, 2020 order from which he appealed also did not appear on the Murder Docket. We issued a second rule to show cause at docket number 344 EDA 2021 on April 23, 2021, where we directed Appellant to show why this Court should not dismiss 344 EDA 2021 as duplicative of the instant appeal at 2233 EDA 2020.

Following his appointment to represent Appellant, Attorney O'Hanlon filed an application to consolidate the appeals at 2233 EDA 2020 and 344 EDA 2021, as well as a response to the rule to show cause issued at 344 EDA 2021. Attorney O'Hanlon erroneously claimed that Appellant's appeals were not duplicative because each appeal was from a different docket in the PCRA court. Response to Rule at 344 EDA 2021, 4/30/2021. However, both notices of appeal reference the Murder Docket only.

On May 27, 2021, Court denied Attorney O'Hanlon's application to consolidate the appeals. On June 4, 2021, this Court *sua sponte* dismissed the appeal at 344 EDA 2021 as duplicative of the appeal at 2233 EDA 2020. Accordingly, the instant appeal concerns only the notice of appeal filed from an October

*(Footnote Continued Next Page)*

Because the PCRA court had not yet entered its order formally dismissing Appellant's petition, Appellant's appeal is technically premature. Nevertheless, Appellant's premature appeal was perfected on November 30, 2020, when the PCRA court filed the order dismissing Appellant's PCRA petition and granting PCRA counsel's motion to withdraw. **See** Pa.R.A.P. 905(a)(5) (providing that a "notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."); **see also Commonwealth v. Swartzfager**, 59 A.3d 616, 618 n.3 (Pa. Super. 2012) (accepting premature notice of appeal filed after entry of Rule 907 Notice but before final order dismissing PCRA petition). Accordingly, we have jurisdiction to entertain Appellant's appeal.

**Application to Withdraw**

Attorney O'Hanlon must fulfill the procedural requirements for withdrawing his representation. **Commonwealth v. Daniels**, 947 A.2d 795, 797 (Pa. Super. 2008). This Court has listed conditions counsel must satisfy when seeking to withdraw in a collateral appeal:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under **Turner, supra** and **Finley, supra** and ... must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to

27, 2020 order purportedly entered in the Murder Docket in the PCRA court, and docketed in this Court at 2233 EDA 2020.

- 8 -

have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

* * *

[W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of *Turner/Finley*, the [court in which the application was filed, meaning the trial court or the appellate court] must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (some citations omitted).

In the *Turner/Finley* letter brief filed with this Court, Attorney O'Hanlon explained that after reviewing the record in this matter and applicable law and corresponding with Appellant, counsel arrived at his legal opinion, which was that there are no issues of merit. Attorney O'Hanlon listed the issues Appellant wanted to raise and explained why the appeal is without merit.

In addition, Attorney O'Hanlon certified that he served upon Appellant a copy of the application to withdraw, the *Turner/Finley* letter brief, and a letter addressed to Appellant accompanying those documents. The letter sent to Appellant advised Appellant of his immediate right to proceed *pro se* or through privately retained counsel.

We conclude that Attorney O'Hanlon has complied substantially with the requirements necessary to withdraw as counsel. Thus, we will permit Attorney O'Hanlon to withdraw if, after our independent review, we conclude that the claims relevant to this appeal lack merit.

Attorney O'Hanlon sets forth the following issues Appellant wishes to raise on appeal (verbatim):

1. "The plea and sentencing court lacked jurisdiction because, *inter alia*, Appellant was never offered an actual formal arraignment." ***Turner/Finley*** Letter Brief at 3.

2. "There was a lack of statutory authority for the sentence imposed for third-degree Murder." ***Id.*** at 5.

3. "Appellant's plea was caused because Appellant misunderstood the facts." ***Id.*** at 7.

4. "There was a Constitutional Violation that undermined the adjudication of guilt." ***Id.*** at 8.

5. "Plea counsel was ineffective and induced Appellant's guilty plea." ***Id.*** at 8.

6. "Appellant could have been guilty of lesser crimes compared to the crimes for which Appellant entered a guilty plea." ***Id.*** at 6.

7. "Appellant was not advised of his post-sentence rights." ***Id.*** at 13.

8. "Appellant was denied the right to effective PCRA counsel." ***Id.*** at 14.

As some of the issues overlap, we address certain issues together to facilitate ease of disposition. We review all of the issues mindful of our well-established standard of review.

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Hand*, 252 A.3d 1159, 1165 (Pa. Super. 2021). "The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review." *Commonwealth v. Vinson*, 249 A.3d 1197, 1203 (Pa. Super. 2021). The PCRA court's decision to deny a request for an evidentiary hearing is within the PCRA court's discretion and we will not overturn it absent an abuse of that discretion. *Hand*, 252 A.3d at 1166.

"To be entitled to PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence under review was the result of one or more specifically enumerated bases, the claims have not been previously litigated or waived, and the failure to litigate the issue was not 'the result of any rational, strategic or tactical decision by counsel.'" *Commonwealth v. Flor*, __ A.3d __, 2021 WL 4303484, at *6 (Pa. September 22, 2021) (quoting 42 Pa.C.S.A. § 9543(a)(2)-(a)(4)).[4]

---

[4] The enumerated bases include the following.
*(Footnote Continued Next Page)*

- 11 -

**Lack of Jurisdiction**

According to Attorney O'Hanlon, the first issue Appellant raises is whether the PCRA court erred or abused its discretion by dismissing his claim that the plea court lacked jurisdiction to accept his guilty plea and sentence him because he was not formally arraigned. **_Turner/Finley_** Letter Brief at 3-

---

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2).

4; *see also* PCRA Petition, 1/25/2018, at 4 ("In this instance, Petitioner charges lack of jurisdiction of the plea court to accept plea and enter actual sentence for Petitioner was never afforded a proper formal arrignment [*sic*] or waiver of such in accordance with Pa.R.Crim.P. Rule 57 [*sic*] ...."). In Attorney O'Hanlon's view, this claim lacks merit because Appellant was in fact formally arraigned at his plea hearing. *Id.* (citing N.T., 6/23/2018, at 41).

To the extent Appellant claims the plea court lacked personal jurisdiction over him, *see* PCRA Petition, 1/25/2019, at 3, this claim is waived. By pleading guilty, Appellant waived any challenge to personal jurisdiction. *Commonwealth v. Little*, 314 A.2d 270, 272 (Pa. 1974), *questioned on other grounds by Commonwealth v. King*, 234 A.3d 549, 557 n.9 (Pa. 2020). Appellant also refers to lack of subject matter jurisdiction. *See* PCRA Petition, 1/25/2019, at Exh. 1 (Statement of Relief at 1). Subject matter jurisdiction is non-waivable. *Commonwealth v. Hatchin*, 709 A.2d 405, 408 (Pa. Super. 1998) ("Although a guilty plea results in the waiver of most defenses, an objection to subject matter jurisdiction can never be waived."). Thus, we review Appellant's claim with the following in mind.

> Subject matter jurisdiction speaks to the competency of a court to hear and adjudicate the type of controversy presented. Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review is plenary. Controversies stemming from violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution. All jurists within that tier of the unified judicial system are competent to hear and resolve a matter arising out of the Crimes Code.

*Commonwealth v. Elia*, 83 A.3d 254, 265 (Pa. Super. 2013) (citations omitted).

> As this Court has explained regarding arraignments,
>
> [t]he Rules of Criminal Procedure provide that during an arraignment, the court must notify the defendant of the nature of the charges against him, his right to counsel, his right to file motions, and the potential consequences for his failure to appear without cause for any proceeding in which his presence is required. Pa.R.Crim.P. 571(C). Our Supreme Court has written that
>
>> the purpose and necessity of an arraignment is to fix the identity of the accused, to inform him of the nature of the charges against him and to give him the opportunity of informing the court of his plea thereto. Due process of law does not require that any technical form of procedure be followed so long as the identity of the accused is definite, sufficient notice of the charges is given, and ample opportunity to plead afforded.
>
> *Commonwealth v. Phelan*, 427 Pa. 265, 234 A.2d 540, 545 (1968) (citations omitted).

*Commonwealth v. Leland*, 204 A.3d 461, 465–66 (Pa. Super. 2019). Failure to follow Rule 571 strictly does not result in an automatic dismissal of charges. Even if the court fails to provide a formal arraignment in accordance with Rule 571, so long as the purpose of the arraignment is satisfied eventually and no prejudice results, "the court's failure to follow the Rules of Criminal Procedure to the letter" is harmless error. *Commonwealth v. Jennings*, 285 A.2d 143, 148 (Pa. 1971); *see also Commonwealth v. Andrews*, 426

A.2d 1160, 1162 (Pa. Super. 1981); **Commonwealth v. Blackwell**, 458 A.2d 541, 543–44 (Pa. Super. 1983).

The certified record reveals that on February 28, 2017, the Commonwealth filed a criminal complaint charging Appellant with murder, possession of a firearm prohibited, and other crimes. Appellant's preliminary arraignment was held on April 6, 2017. At the May 23, 2017 preliminary hearing in Philadelphia Municipal Court, Appellant was held for court in an order signed by the Honorable Wendy L. Pew. On May 25, 2017, the Commonwealth filed an information against Appellant with the same crimes as the criminal complaint.

The certified record indicates that a formal arraignment was scheduled for June 13, 2017, before Trial Commissioner Linda Mariani in the Philadelphia Court of Common Pleas, but the record does not indicate whether the arraignment proceeded as scheduled. Nevertheless, Appellant was arraigned during his plea hearing on June 23, 2018. N.T., 6/23/2018, at 41 (indicating that officer of court read charges against Appellant and obtained his plea). Even if a formal arraignment did not occur in strict accordance with Rule 571, the plea court still had jurisdiction to accept Appellant's plea and sentence Appellant. **See Commonwealth v. Jones**, 929 A.2d 205, 211 (Pa. 2007) ("The existence of a procedural mistake in and of itself, however, does not divest the trial court of subject matter jurisdiction."); **Commonwealth v. McNeil**, 665 A.2d 1247, 1251–52 (Pa. Super. 1995) (rejecting argument that

- 15 -

"subject matter jurisdiction or jurisdiction over the person of a defendant who has been convicted of a crime can be voided because of delay in the application of a procedural rule.").

Furthermore, Appellant did not plead how he was prejudiced by the lack of a formal arraignment. **See Jennings**, 285 A.2d at 148. Thus, we agree with Attorney O'Hanlon that the PCRA court did not err by dismissing this claim.[5]

**Legality of Sentence**

The next claim Appellant wishes to raise is whether the PCRA court erred by dismissing his claim that there was a lack of statutory authority for the sentence imposed on him for third-degree murder. **Turner/Finley** Letter Brief at 5. Attorney O'Hanlon concludes this claim has no merit because Appellant's sentence of 15 to 30 years' imprisonment is below the statutory maximum and within the sentencing guidelines. **Id.**

---

[5] Although counsel does not address it in his **Turner/Finley** letter brief, Appellant's petition raises one other jurisdictional issue. There, he contended the plea court lacked subject matter jurisdiction because the Commonwealth charged him with a statute set forth in an unofficial publication, *i.e.*, the annotated version of the Pennsylvania Consolidated Statutes. **See** PCRA Petition, 1/25/2019, at Exh. 1 (Statement of Relief at 11-16). This claim appears to be based upon a misunderstanding of the Commonwealth Court of Pennsylvania's discussion of the West Publishing Company's Purdon's Pennsylvania Statutes in **In Re Appeal of Tenet HealthSystems Bucks County, LLC**, 880 A.2d 721 (Pa. Cmwlth. 2005). This Court had already rejected a similar argument and explained at length why any such subject matter jurisdiction claim "are without any sound legal basis and are frivolous." **See Commonwealth v. Stultz**, 114 A.3d 865, 872-80 (Pa. Super. 2015). Therefore, this jurisdictional claim also lacks merit.

In his PCRA petition, Appellant contended that he was illegally sentenced because his sentencing order referred to 18 Pa.C.S.A. § 2502, which is a general charge for criminal homicide that does not authorize a sentence, and not 18 Pa.C.S.A. § 1102(d), which is the statute setting forth the sentence for third-degree murder. PCRA Petition, 1/25/2019, at Exh. 1 (Statement of Relief at 2-4). He further argues that 42 Pa.C.S.A. § 9721(a), which is the statute setting forth a trial court's sentencing options, authorizes the trial court to sentence a defendant to a term of "confinement," but in his view, 18 Pa.C.S.A. § 1102(d) refers only to "imprisonment" and therefore violates subsection 9721(a). PCRA Petition, 1/25/2019, at Exh. 1 (Statement of Relief at 5-7).

Appellant is correct that his sentencing order refers to 18 Pa.C.S.A. § 2502(c) and not 42 Pa.C.S.A. § 9721. Sentencing Order, 6/22/2018, at 1. However, the reference to subsection 2502(c) merely delineates the crime charged at count one for which he pleaded guilty. *See* 18 Pa.C.S.A. § 2502(c) ("All other kinds of murder shall be murder of the third degree. Murder of the third degree is a felony of the first degree."). Subsection 1102(d) of Title 18 provides the sentence for murder in the third-degree. *See* 18 Pa.C.S.A. § 1102(d) ("[A] person who has been convicted of murder of the third degree … shall be sentenced to a term which shall be fixed by the court at not more than 40 years."). There was no need to refer to 18 Pa.C.S.A. § 1102(d) in the sentencing order and the failure to do so does not render Appellant's sentence

- 17 -

illegal. *See Commonwealth v. Stultz*, 114 A.3d 865, 886 (Pa. Super. 2015) ("[F]ailing to cite a statute does not automatically result in a sentence being illegal where the court otherwise had statutory authority to sentence the defendant.").

The plea court had authority pursuant to 42 Pa.C.S.A. § 9721 ("Sentencing generally") and 42 Pa.C.S.A. § 9756 ("Sentence of total confinement") to impose a prison sentence following Appellant's guilty plea to third-degree murder. This Court has previously rejected the argument that the term "confinement" in sections 9721 and 9756 does not include a sentence of imprisonment. The words are synonyms, and therefore "total confinement" includes imprisonment. *See Stultz*, 114 A.3d at 886. Appellant's sentence of thirty years' imprisonment for third-degree murder is under the statutory maximum and was imposed lawfully by the plea court. Accordingly, we agree with Attorney O'Hanlon that Appellant's second claim of error has no merit and the PCRA court properly dismissed it.

**Inducement of Plea/Ineffectiveness of Plea Counsel**

Several of the issues Attorney O'Hanlon indicates Appellant raises regarding the alleged ineffectiveness of his plea counsel and entry into his plea are interrelated. Therefore, we discuss them together.

First, Attorney O'Hanlon states Appellant wishes to raise the issue of whether the PCRA court properly dismissed his claim that Appellant misunderstood the facts when he pleaded guilty. *Turner/Finley* Letter Brief

at 7. Attorney O'Hanlon posits that this claim has no merit because it is a mere bald allegation, there was an extensive recitation of facts set forth at Appellant's plea hearing, and Appellant agreed to those facts. *Id.* (citing N.T., 6/22/2018, at 33-37). Attorney O'Hanlon also points out that Appellant stated on the record that he read and wrote English and did not suffer from mental infirmity or altered state of mind. *Id.* (citing N.T., 6/22/2018, at 11). The PCRA court's analysis was similar, but also pointed out that Appellant's exposure at trial was greater than the sentence the Commonwealth offered through the plea agreement. PCRA Opinion, 5/11/2021, at 6-7.

We agree that this claim has no merit. The only direct reference in Appellant's petition to misunderstanding the facts is a bald claim that relief is due because "his acceptance of his Guilty Plea was caused by undue misunderstanding of the facts." PCRA Petition, 1/25/2019, at Exh. 1 (Statement of Relief at 1). However, Appellant later argues that he would not have pleaded guilty if counsel had informed him he was pleading guilty to the maximum sentence for third-degree murder. *See* Petition, 1/25/2019, at Exh. 1 (Statement of Relief at 4-8) (verbatim) ("[I]t is absurbed [*sic*] to believe that if Petitioner would have known that before-hand that the Maximum sentence he could have received if he lost at trial for a charge of third drgree [*sic*] murder was the same sentence that he accepted upon the plea offer that he would have taken the same offer." ). Thus, we will examine Appellant's claim from this perspective.

"Allegations that counsel misadvised a criminal defendant in the plea process are properly determined under the ineffectiveness of counsel subsection of the PCRA [(42 Pa.C.S. § 9543(a)(2)(ii)),] not the [sub]section specifically governing guilty pleas [(42 Pa.C.S. § 9543(a)(2)(iii))]." ***Commonwealth v. Lynch***, 820 A.2d 728, 730 n.2 (Pa. Super. 2003).

"To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." ***Commonwealth v. Webb***, 236 A.3d 1170, 1176 (Pa. Super. 2020); ***see also*** 42 Pa.C.S.A. § 9543(a)(2)(ii).

> Counsel is presumed to have been effective. In order to overcome that presumption and prevail on a claim of ineffectiveness, Appellant must establish that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his conduct; and (3) he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that because of the act or omission in question, the outcome of the proceeding would have been different.

***Hand***, 252 A.3d at 1166 (citations omitted). Failure to satisfy any one of the three prongs of the test will result in failure of the entire claim. ***Webb***, 236 A.3d at 1176.

> The right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea.
>
> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness

- 20 -

caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

***Commonwealth v. Barndt***, 74 A.3d 185, 192-93 (Pa. Super. 2013) (citations and quotation marks omitted).

First, Appellant's claim is based upon an incorrect factual premise; his plea agreement did not subject him to the maximum penalty he could have faced had he gone to trial for third-degree murder. Appellant and the Commonwealth negotiated a sentence of 15 to 30 years for the third-degree murder conviction, whereas if Appellant had gone to trial and been convicted of third-degree murder, he would have faced a maximum sentence of 40 years. 18 Pa.C.S.A. § 1102(d).

Second, Appellant averred in the written plea colloquy that plea counsel explained the range of potential penalties. Written Plea Colloquy, 6/22/2018, at 1. Furthermore, at the guilty plea hearing, the plea court set forth the terms of the plea agreement, including the Commonwealth's recommendation of a sentence for third-degree murder of 15 to 30 years of incarceration. N.T.,

6/22/2018, at 7-11. Appellant indicated that the plea court accurately summarized the agreement and he understood it. *Id.* at 10.

Later, the plea court reviewed the maximum penalty for third-degree murder. *Id.* at 21 ("THE COURT: Third-degree murder carries a maximum of forty years in prison and a fine of $50,000. Do you understand that? THE DEFENDANT: Yes."). It also explained Appellant's potential exposure for the two firearms charges to which he was pleading guilty. *Id.* at 21-22 (explaining that if Appellant went to trial and was convicted of the two firearms violations, those alone could result in a sentence of 30 to 60 years in prison).

Finally, the plea court explained that because the Commonwealth charged him with homicide generally, if he went to trial, the jury or factfinder could choose to convict him of first- or second-degree murder, both of which carried a maximum penalty of life in prison without parole. *Id.* at 28-30. As the PCRA court points out, Appellant also overlooks that he was facing other charges if he went to trial, whereas by pleading guilty the Commonwealth agreed to *nolle prosse* those charges. PCRA Opinion, 5/11/2021, at 6-7.

Based on the foregoing, Appellant did not establish merit to the underlying claim that counsel misadvised him regarding the facts or that he was prejudiced, and the PCRA court did not err or abuse its discretion in dismissing this claim.

Attorney O'Hanlon indicates that Appellant wishes to raise other issues regarding plea counsel. According to Attorney O'Hanlon, Appellant believes

the PCRA court erred by dismissing his claim that plea counsel rendered ineffective assistance of counsel and induced Appellant to plead guilty. ***Turner/Finley*** Letter Brief at 8-12. ***See also*** Response to Rule 907 Notice, 10/28/2020, at 4-7 (setting forth claim that plea counsel failed to consult with Appellant and investigate his case, thereby inducing him to plead guilty despite his innocence). Attorney O'Hanlon contends that such claim has no merit because Appellant underwent an extensive written and oral colloquy where Appellant stated he was satisfied with plea counsel's representation. ***Id.***

Regarding Appellant's claim that plea counsel failed to consult with him and investigate his case, which then prompted Appellant to plead guilty, we note that "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." ***Commonwealth v. Jabbie***, 200 A.3d 500, 505 (Pa. Super. 2018). In cases where a PCRA petitioner had affirmed on the record at the plea colloquy hearing that he was satisfied with his plea counsel's services in connection with his plea, the law precludes the petitioner from contradicting himself in collateral proceedings and claiming plea counsel rendered ineffective services and/or coerced the petitioner into pleading guilty. ***See Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for

withdrawing the plea which contradict the statements he made at his plea colloquy." (cleaned up)). *See also Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa. Super. 2018) (holding PCRA petitioner could not challenge the voluntariness of his plea due to ineffective assistance of counsel by claiming that he lied under oath during his plea colloquy).

As Attorney O'Hanlon correctly points out, Appellant stated in the written plea colloquy that he was satisfied with the advice and service he received from plea counsel, plea counsel spent enough time on his case, he had enough time to talk with plea counsel about the case, plea counsel left the final decision to Appellant, and Appellant decided to plead guilty. Written Plea Colloquy, 6/22/2018, at 3. Appellant also testified under oath that he completed the written guilty plea colloquy with the assistance of plea counsel and signed it. N.T., 6/22/2018, at 39-41. Finally, he testified under oath that he was satisfied with the services of plea counsel. *Id.* at 26.

Accordingly, Appellant cannot now prove the merits of his claim that plea counsel induced his guilty plea by not consulting with him and being unprepared for trial by simply contradicting his earlier statements. *Yeomans*, 24 A.3d at 1047; *Pier*, 182 A.3d at 480. Therefore, we agree with Attorney O'Hanlon that this claim has no merit and the PCRA court did not err by dismissing it.

Appellant's next claim is that plea counsel failed to inform Appellant of the applicability of the defenses of self-defense, crime of passion, or mutual

combat. **_Turner/Finley_** Letter Brief at 12-13; Response to Rule 907 Notice, 10/28/2020, at 4-7. The PCRA court found this claim to be underdeveloped in Appellant's petition, and, therefore, dismissed it. PCRA Court Opinion, 5/11/2021, at 8. In Attorney O'Hanlon's view, this is a "bald claim without potential for development" and the facts to which Appellant pleaded guilty "do not support a likelihood of any lesser offense." **_Turner/Finley_** Letter Brief at 12-13.

We agree with Attorney O'Hanlon that Appellant's bald claim fails to explain why he believes such defenses have applicability to his case or establish that he would have not pleaded guilty had he been aware of such defenses. Appellant agreed at his plea colloquy hearing that he was in fact guilty of third-degree murder and agreed that the facts were a fair account of the incident. N.T., 6/22/2018, at 37. Given that Appellant went to the victim's house along with a large group for the purpose of continuing an earlier fight and that Appellant fired a firearm multiple times at the victim, who possessed a piece of wood, it does not appear more likely than not that Appellant would have taken his chances with defending his claim at trial in lieu of pleading guilty, despite his bald allegation to the contrary. Therefore, we agree with Attorney O'Hanlon that Appellant's claim has no merit and he cannot establish prejudice.

Appellant's final allegation of plea counsel's ineffectiveness is that plea counsel did not advise Appellant of his post-sentence or appellate rights.

***Turner/Finley*** Letter Brief at 13; Response to Rule 907 Notice, 10/28/2020, at 4-7. Attorney O'Hanlon contends this is factually incorrect and directs our attention to where Appellant was advised of these rights. ***Turner/Finley*** Letter Brief at 13 (citing N.T., 6/28/2018, at 61-63). Attorney O'Hanlon is correct. Therefore, this claim has no merit.

Based on the foregoing, the PCRA court did not err or abuse its discretion in dismissing all of Appellant's claims that plea counsel rendered ineffective assistance of counsel.

**Constitutional Violation**

Attorney O'Hanlon sets forth Appellant's next claim as a bald allegation that the PCRA court erred by dismissing his petition because there was a constitutional violation that undermined the adjudication of guilt. ***Turner/Finley*** Letter Brief at 8. Attorney O'Hanlon assessed this claim as boilerplate which merely tracks the language of 42 Pa.C.S.A. § 9543(a)(2)(i). ***Id.***

As to Appellant's petition, it is difficult to determine which argument Appellant intended to encompass by this claim and the situation is compounded by Attorney O'Hanlon's failure to provide citations to Appellant's petition. It is possible that Appellant intended his fourth claim to encompass his assertion that the definition of third-degree murder is unconstitutionally vague and violates substantive due process. PCRA Petition, 1/25/2019, at Exh. 1 (Statement of Relief at 8-11). Based on the following, we will address it as

such. Appellant claimed that because the Crimes Code refers to third-degree murder as "[a]ll other kinds of murder," the public is not put on fair notice as to the type of conduct that constitutes an offense under the statute. ***Id.*** (citing 18 Pa.C.S.A. § 2502(c)). Appellant maintained that because the definition is vague, a jury could not determine what constitutes third-degree murder. ***Id.*** at 11.

Because Appellant does not aver that the vagueness of the statute rendered his guilty plea unknowing and involuntary or aver that it rendered his sentence illegal, we address Appellant's claim under subsection 9545(b)(i).

Section 2502 defines third-degree murder as "[a]ll other kinds of murder. ..." 18 Pa.C.S.A. § 2502(c). "The void for vagueness doctrine prevents the government from imposing sanctions under a criminal law that fails to give fair notice of the proscribed conduct." ***Commonwealth v. Moore***, 247 A.3d 990, 997 (Pa. 2021) (citation and quotation marks omitted). "A statute will only be found unconstitutional if the statute is so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application." ***Commonwealth v. Brensinger***, 218 A.3d 440, 456 (Pa. Super. 2019) (citation and quotation marks omitted).

Appellant used sweeping terms that are not specific to the circumstances of his particular case. ***See*** PCRA Petition, 1/25/2019, at Exh. 1 (Statement of Relief at 8-11). Therefore, to the extent Appellant did intend to bring this claim under subsection 9543(b)(2)(i), it is difficult to determine

what specifically about the statute Appellant contends is vague that "undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(b)(2)(i); *see Commonwealth v. Rouse*, 191 A.3d 1, 7 (Pa. Super. 2018), *overruled on other grounds by Commonwealth v. Moore*, 247 A.3d 990, 997-98 (Pa. 2021) ("[B]ecause [Rouse's] constitutional challenge to [the sentencing statute for second-degree murder] does not implicate his guilt or innocence for the underlying offense, his void-for-vagueness claim cannot arise under the typical provision used to address constitutional errors, Section 9543(a)(2)(i).").

Nevertheless, we are unable to review Appellant's claim because Appellant has waived it. For the purposes of the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Appellant did not raise this claim before the plea court in the first instance; he pleaded guilty instead. His guilty plea waived any general attacks on the constitutionality of the statute defining third-degree murder. *See Commonwealth v. Singleton*, 169 A.3d 79, 81 (Pa. Super. 2017) ("[A] plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses and waives the right to challenge anything but the legality of the sentence and the validity of the plea.") (citations and quotation marks omitted). Accordingly, the PCRA court properly

dismissed this claim regarding the vagueness of the statute defining third-degree murder.

## Right to Effective PCRA Counsel

Appellant's final claims relate to his allegation that PCRA counsel rendered ineffective assistance of counsel. *Turner/Finley* Letter Brief at 16. Appellant averred that PCRA counsel rendered ineffective assistance of counsel by failing to consult with him and plea counsel before concluding that his PCRA claims have no merit and failing to amend his petition to raise Appellant's claims regarding the ineffectiveness of plea counsel. Response to Rule 907 Notice, 10/28/2020, at 3-7.

> In essence, Appellant raised a layered claim of ineffectiveness.
>
> Layered claims of ineffectiveness are not wholly distinct from the underlying claims, because proof of the underlying claim is an essential element of the derivative ineffectiveness claim. In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

*Rykard*, 55 A.3d at 1190 (internal citations, quotation marks, and brackets omitted).

As discussed supra throughout this memorandum, Appellant is not entitled to relief on any of his claims regarding the performance of plea counsel. Accordingly, PCRA counsel could not have provided ineffective

assistance of counsel, and the PCRA court did not err by dismissing Appellant's claim that PCRA counsel was ineffective.

**Conclusion**

Our independent review of the record does not reveal any other meritorious issues. Based on the foregoing, we affirm the PCRA court's dismissal of Appellant's PCRA petition and grant counsel's application to withdraw.

Order affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2021